UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :       No. 2:19-cr-00151-1 |
| | : |
| ABDIEL JIMENEZ-MENDEZ, | : |
| Defendant | : |

_____

**O P I N I O N**
**Defendant Abdiel Jimenez-Mendez's Motion to Dismiss, ECF No. 204 - Denied**

**Joseph F. Leeson, Jr.**                                          **February 23, 2021**
**United States District Judge**

## I.      INTRODUCTION

The above-captioned action was initiated on March 13, 2019, when a sealed Indictment

was filed against Defendant Abdiel Jimenez-Mendez, charging him and twelve co-defendants for

their alleged involvement in an approximately ten-month-long conspiracy to distribute large

quantities of fentanyl and heroin.  The Indictment was unsealed later that month and Jimenez-

Mendez was arraigned.  In April 2019, before all the co-defendants had been arraigned, the Court

granted a motion, unopposed by Jimenez-Mendez, to declare the case complex, for a specially

listed trial date, and for an ends-of-justice continuance.  The Order did not set a trial date.

Jimenez-Mendez has filed a Motion to Dismiss the Indictment as Violative of the Speedy Trial

Act 18 U.S.C. §§ 3161-3174, Pre-Pandemic Orders.  ECF No. 204.  For the reasons discussed

below, there has been no violation of Defendant's rights under the Speedy Trial Act.  The Motion

to Dismiss is denied.

## II.    BACKGROUND

On March 13, 2019, a sealed Indictment was filed against Abdiel Jimenez-Mendez and twelve co-defendants: Luis Adames-Bruno, Jorge Miranda (a/k/a Noel Regalado-Rojas[1]), Luiggi Regaldo-Castillo, Francisco Fernandez, Noel Lopez-Garcia, Joel Javier, Dustin Whitmore, Bunny Amalbert, Juan Rosa-Cruz, Marcus Bell, Abdael Fernandez, and Alex Leandry-Ocasio.  *See* ECF No. 1.  All Defendants were charged in Count One with conspiracy to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C).  Four hundred grams or more of fentanyl is attributed to Jimenez-Mendez for this conspiracy, which is alleged to have occurred between July 2017 and April 2018.  The Indictment includes more than fifty paragraphs describing the overt acts and the manner and means of the drug trafficking conspiracy, of which Jimenez-Mendez is alleged to be the leader. The Indictment also includes numerous charges for specific incidents of distribution of controlled substances directly against Jimenez-Mendez and against other co-defendants.  The Government asserts that if convicted nine Defendants face a mandatory minimum of ten years' imprisonment, three Defendants face a mandatory minimum of five years' imprisonment, and Jimenez-Mendez, a career offender, faces 360 months to life imprisonment under the U.S. Sentencing Guidelines. *See* Resp. 2, ECF No. 215.

The Indictment was unsealed on March 26, 2019.  That day, Jimenez-Mendez and Co-Defendants Luis Adames-Bruno and Bunny Amalbert were arrested pursuant to bench warrants issued at the time of the Indictment and had their initial appearances.  On March 29, 2019, the

---

[1]    As discussed herein, a Superseding Indictment was filed on February 26, 2020, naming Noel Regalado-Rojas and listing "Jorge Miranda" as an a/k/a.  To avoid confusion, this Co-Defendant will be referred to as Regalado-Rojas throughout this Opinion.

Government filed motions for pre-trial detention against all three.[2]  *See* ECF Nos. 18-20.  Two of the motions were granted that day when Jimenez-Mendez and Adames-Bruno were arraigned. The arraignment for Amalbert was continued until April 2, 2019, at which time the motion for pre-trial detention was granted.  Co-Defendants Marcus Bell and Abdael Fernandez ("A. Fernandez") were also arraigned on April 2, 2019, and the Government's motion for pre-trial detention of A. Fernandez, ECF No. 28, was granted the same day it was filed.  On April 4, 2019, Co-Defendant Francisco Fernandez ("F. Fernandez") was arraigned.  Co-Defendant Alex Leandry-Ocasio was arraigned on April 8, 2019, and the Government's motion for pre-trial detention, ECF No. 50, was decided the same day it was filed.  On April 11, 2019, Co-Defendant Noel Lopez-Garcia was arraigned.

On April 16, 2019, Amalbert[3] filed a Motion to Continue Pretrial Filing Deadlines. Complex Mot., ECF No. 58 (seeking a ten-day extension because counsel needs additional time to prepare and analyze documents due to the complexity of the matter).  On April 17, 2019, Jimenez-Mendez filed a Motion for Extension of Time to File Pretrial Motions.  ECF No. 59. That Motion sought to extend the filing of pretrial motions due on April 16, 2019, because counsel "needs additional time to prepare and review the indictment and other documents obtained in this matter" and "is unable to complete pretrial motions without complete discovery in this complex matter."  Counsel stated he "has been in contact with his client, Abdiel Jimenez-Mendez, who has no objection to this extension."  Jimenez-Mendez's Motion did not request a specific length of an extension, nor did it ask the court to set a new pretrial motions deadline.

---

[2]     *See United States v. Lattany*, 982 F.2d 866, 872 (3d Cir. 1992) (holding that the government's pretrial motion seeking detention is a "'pretrial motions' for speedy trial purposes and thus excludable from the speedy trial calculation").

[3]     Any reference to action taken by a Defendant in this action following that Defendant's arraignment includes any actions taken by counsel on behalf of that Defendant.

Both motions were granted by Order dated April 17, 2019.  ECF No. 61.  The Court ordered that the "time to file pretrial motions for all Defendants in the above-captioned action is CONTINUED GENERALLY until all Defendants have been arraigned, after which time the Court will consult with counsel and issue a scheduling order setting, inter alia, pretrial motions deadlines and a specially listed trial date."  The Order explained that it was being issued after consideration of the Order issued the same date "granting the Government's Motion for Complex Case Declaration and Special Listing continuing the case beyond the limits established by the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii)."

That Motion, ECF No. 60, was filed on April 17, 2019.  The Government stated in its Motion for Complex Case Declaration and Special Listing that counsel for Jimenez-Mendez, as well as counsel for all other Co-Defendants in federal custody,[4] did not oppose the Motion.  In support of its requests, the Government asserted:

> During the approximately 10-month investigation, there were thousands of man hours of surveillance, both physical and electronic, utilizing pole cameras, GPS and cell site simulator monitoring, as well as evidence from arrests and searches of vehicles and residences. There were also Title III wiretaps and extensions authorized on 7 cellular phones over a period of approximately 5 months. Discovery in this case is voluminous.  There are approximately 4,000 hours of intercepted calls, thousands of text messages, and over ten thousand pages of affidavits, investigative reports, transcripts, and other record documentation.
> [] The trial of this case is expected to involve numerous law enforcement and civilian witnesses, voluminous documentary and audio- and video- recordings evidence. The government's case in chief is expected to last approximately two weeks.

Id. at ¶ 1(b)-(c).  The Court adopted the Government's proposed order, which requested that the trial be specially listed "after consultation with all counsel."  ECF No. 62.  In that Order, the Court found: "[t]he above-captioned case is so unusual and so complex due to the number of

---

[4]    The Motion explained that two co-defendants were in state custody and three others were "at large."

defendants, the nature of the prosecution, and the amount of evidence that it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limitations established by the Speedy Trial Act" and that "the ends of justice will be served by granting a continuance beyond the time limits established by the Speedy Trial Act in the above-listed case. The ends of justice served by this Order outweigh the best interests of the public and the defendants in a speedy trial."  It ordered, "pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii), that the above-captioned case is continued beyond the time limits established by the Speedy Trial Act" and the case "will be specially listed for trial, after consultation with all counsel, on a date consistent with the above findings."

On May 2, 2019, the Government filed a discovery-related motion and a Motion to Impound the same.  ECF Nos. 72-73.  These motions were granted on May 7, 2019.  ECF Nos. 79-80.  Also on May 2, 2019, Co-Defendant Joel Javier was arraigned.  On May 6, 2019, the Government filed a motion for pre-trial detention as to Co-Defendant Dustin Whitmore, ECF No. 78, which was granted at Whitmore's arraignment on May 10, 2019.

On May 8, 2019, Javier filed Motion for Extension of Time to File Pre-trial Motions.  ECF No. 81 (seeking an unspecified length of extension because "Defendant cannot adequately identify, prepare, and file such motions, if any, without analyzing complete discovery and the evidence to be proffered against him").  The following day, the Court issued an Order granting Whitmore's Motion and generally continuing the time to file pretrial motions until all Defendants have been arraigned, at which time "a pretrial motions deadline will be set."  ECF No. 82 (citing ECF Nos. 61-62).  The Order specifically referenced the ends-of-justice continuance Order granting the Government's Motion for Complex Case Declaration and Special Listing continuing

the case beyond the limits established by the Speedy Trial Act, as well as the Order dated April 17, 2019, continuing the time to file pretrial motions until after all Defendants are arraigned.

On May 28, 2019, the Government filed a motion for pre-trial detention as to Co-Defendant Luiggi Regaldo-Castillo, ECF No. 90, which was granted at his arraignment the same day.  On June 17, 2019, the Government filed a motion for pre-trial detention as to Co-Defendant Juan Rosa-Cruz.  ECF No. 95.  The motion was granted the following day when Rosa-Cruz was arraigned.  By June 18, 2019, all charged Defendants in the above-captioned action had been arraigned except for Regalado-Rojas, who has not yet been apprehended.[5]

Amalbert filed a sealed motion on August 28, 2019, ECF No. 102, which was decided the following day.  On October 25, 2019, the Government filed a motion to dismiss the Indictment without prejudice as to Regalado-Castillo, after determining that he had been misidentified.  ECF No. 106.  The motion was granted on October 28, 2019.

On December 9, 2019, F. Fernandez filed a Motion to Modify Conditions of Release.  ECF No. 108.  The motion was dismissed as moot on January 21, 2020.[6]  ECF No. 119.  On January 2, 2020, F. Fernandez filed an ex parte motion, ECF No. 110, which was decided on January 15, 2020, ECF No. 116.

No later than January 8, 2020,[7] Amalbert, Whitmore, Lopez-Garcia, and Adames-Bruno notified this Court of their intentions to plead guilty.  *See* ECF Nos. 111-114.  Amalbert pled guilty at a hearing on January 21, 2020.  *See* ECF No. 120.  Whitmore and Lopez-Garcia each

---

[5]    The Government asserts that Regalado-Rojas remains a fugitive and that it "is and has been actively engaged in efforts to locate and arrest him since the initial indictment was returned in this case."  Resp. 4 n.2.

[6]    The motion became moot, at the earliest, on December 23, 2019.

[7]    Although the Court may have been advised of each Co-Defendant's intention to plead guilty prior to January 8, 2020, this is the date the notices were docketed scheduling the change of plea hearings and will be used for purposes of this Opinion.

changed his plea at a hearing on January 22, 2020.  *See* ECF Nos. 123, 126.  At a hearing on

February 12, 2020, Adames-Bruno pled guilty.  *See* ECF No.  137.

On January 29, 2020, F. Fernandez filed a motion to modify conditions of release.  ECF

No. 133.  After review of the Government's response raising factual disputes and F. Fernandez's

reply, this Court determined that a hearing was required before it could dispose of the motion.

*See* ECF No. 136 (notice of hearing).  The hearing was held on March 11, 2020, at which time the

motion was denied.  *See* ECF Nos. 150-151.

At this hearing, F. Fernandez was also arraigned on a Superseding Indictment that had

been filed on February 26, 2020.[8]  The Superseding Indictment was filed against Defendant

Jimenez-Mendez and all Co-Defendants previously discussed except for Luiggi Regaldo-Castillo,

who had been dismissed from the Indictment, and the four whom had already pled guilty: Luis

Adames-Bruno, Noel Lopez-Garcia, Dustin Whitmore, and Bunny Amalbert.  ECF No. 141.  The

Superseding Indictment included all the original charges against Jimenez-Mendez and four

additional counts: possession with the intent to distribute a mixture or substance containing

fentanyl, possession of a firearm in furtherance of a drug trafficking crime, felon in possession of

a firearm, and forfeiture.  A bench warrant was issued for Regalado-Rojas the same day the

Superseding Indictment was filed.  The Government had informed the Court prior to February 26,

2020, that the Superseding Indictment was forthcoming.

---

[8]     The Superseding Indictment does not reset the speedy trial clock for any charges in the
original indictment.  Accordingly, this Court's calculations are based on the original Indictment.
*Accord United States v. Stevenson*, 832 F.3d 412, 419 n.4 (3d Cir. 2016) ("If the subsequent filing
charges a new offense that did not have to be joined with the original charges, then the subsequent
filing commences a new, independent speedy trial period."  (internal quotations omitted)).

On April 3, 2020, Jimenez-Mendez was arraigned on the Superseding Indictment.[9]  Also on April 3, 2020, the Government filed a Motion to Renew Order for Complex Case Designation and Special Listing, made pursuant to 18 U.S.C. §§ 3161 (h)(7)(A) and (B)(ii).  ECF No. 170. The Government asked this Court to renew its Order, signed April 17, 2019, declaring the above-captioned case complex and specially listed for trial, as applied to the Superseding Indictment returned by the grand jury on February 26, 2020.  The Motion stated: "all counsel for defendants Abdiel Jimenez-Mendez, Francisco Fernandez, Joel Javier, Juan Rosa-Cruz, Marcus Bell, Abdael Fernandez and Alexis Leandy-Ocasio have advised they have no objection to this Motion. Defendant Noel Regalado-Rojas, remains a fugitive." *Id.* at ¶ 5.  In support of the Motion, the Government discussed the length of the conspiracy, the number of counts, defendants, and witnesses, and the extensive nature of the investigation and discovery, including "approximately 4,000 hours of intercepted calls, thousands of text messages and over ten thousand pages of affidavits, investigative reports, transcripts and other record documentation."  The Motion was granted the same day.  In the Order, the Court determined that the "case remains so unusual and so complex due to the number defendants, the nature of the prosecution, and the amount of evidence that it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the time limitations established by the Speedy Trial Act."  ECF No. 171.  This Court found that the ends of justice served by granting the Motion outweigh the best interests of the public and the defendants in a speedy trial pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii), that the above-captioned case is continued beyond the time limits established by the Speedy Trial

---

[9]      Aside from Regalado-Rojas, who has yet to be arrested, all Co-Defendants had also been arraigned on the Superseding Indictment by this date.

Act, and that trial will be specially listed for trial, after consultation with all counsel, on a date consistent with the above findings.

A trial date was not immediately set, however, because a few weeks before, on March 13, 2020, the Chief Judge of this district entered a Standing Order as a result of the emergency presented by the coronavirus disease COVID-19 suspending all civil and criminal jury trials. Specifically, the Order continued all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania.  Similar Standing Orders were issued on April 10, 2020, May 29, 2020, August 31, 2020, October 30, 2020, November 25, 2020, January 15, 2021, and February 12, 2021, each continuing all civil and criminal jury trials.[10]  In each, the Chief Judge determined that the continuances were necessary to, *inter alia*, protect public health and safety and that the time shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). *See also* ECF Nos. 187, 201 (reflecting the Undersigned's agreement with the Standing Orders and exclusion of time from the Speedy Trial clock).  As of the date of this Opinion, all jury trials are continued "through the end of February 2021 and until further Court order."[11]

Since the entry of the first Standing Order various motions and orders were filed in this action, not all of which are discussed herein.  Notably, at no time during the pendency of this case has Jimenez-Mendez, or any Co-Defendant, filed a motion to sever, a motion to set a trial date, or a motion seeking reconsideration of the Court's complex-case orders or other continuance orders. Nevertheless, on December 2, 2020, this Court issued an Order *sua sponte* stating:

> . . . upon consideration of the Order granting the Government's Motion for Complex Case Declaration and Special Listing and continuing the case beyond the limits

---

[10]     The Standing Orders are specifically incorporated herein.

[11]     This was the first Standing Order to continue trials "until further order of court."  All prior Standing Orders listed a specific end date, which is why additional Standing Orders were issued.

established by the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii), which was issued prior to all Defendants having been arraigned and therefore postponing the time for counsel to submit a proposed scheduling order setting pre-trial deadlines and a trial date, *see* ECF Nos. 60-61; of the Order granting the Government's unopposed Motion to Renew the Complex Case Declaration and Special Listing, which was issued at the beginning of the coronavirus pandemic and therefore did not require counsel to submit a proposed scheduling order setting pre-trial deadlines and a trial date, *see* ECF Nos. 171-172; of the Orders also tolling time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), as the ends of justice served by continuing the trial outweighed the best interest of the public and each defendant in a speedy trial due to the ongoing nature of the coronavirus pandemic, *see* ECF Nos. 187, 201; and of the need to set pre-trial deadlines in anticipation[12] that the trial may be able to safely proceed sometime in 2021, **IT IS ORDERED AS FOLLOWS**: On or before December 14, 2020, counsel for all parties listed above1 shall confer and file a joint proposed schedule recommendation.

ECF No. 202.

In accordance with this Order, the parties submitted a Joint Motion for Proposed

Scheduling Order on or about December 14, 2020.  Scheduling Order, ECF No. 209-1.  The

Motion states:

All parties agree that the continuance of a pretrial motions hearing and trial to a date not earlier than the hearing and trial dates in the proposed order, take into account various factors including, but not limited to, the availability of counsel previously attached for trials in other cases, negotiation of pretrial disposition and of pretrial resolution of trial issues in the interest of judicial efficiency, and unique trial preparation issues and barriers presented by the ongoing COVID-19 pandemic for this designated complex case. All parties further agree, pursuant to the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by continuing the trial, as proposed in the attached order, outweigh the best interest of the public and each defendant in a speedy trial. All parties additionally recognize that the proposed schedule is subject to the availability of the Court. Accordingly, the parties propose that a pretrial motions hearing in this case should be scheduled on August 9, 2021, and the trial should be scheduled on September 13, 2021.

Scheduling Mot., ECF No. 209.  The Court adopted the parties' recommended deadlines by Order

dated December 17, 2020.  *Id.*  Consistent with the parties' joint recommendations, trial is

---

12      This Order was issued after announcement of a vaccine and prior to the increase in coronavirus cases during the holidays.

scheduled for September 13, 2021.  ECF No. 212.  A hearing on pretrial motions is scheduled for August 18, 2021.  ECF No. 221.  Additionally, there is a status of counsel hearing for Jimenez-Mendez scheduled for March 10, 2021.  ECF No. 220. *See also* ECF Nos. 205-206.

Two days after the Court directed counsel to submit a joint proposed scheduling recommendation, Defendant Jimenez-Mendez filed the instant Motion to Dismiss.  ECF No. 204 (dated December 4, 2020). *See also* ECF No. 219.  Defendant asserts a violation of his rights under the Speedy Trial Act[13] pre-pandemic orders, the first of which was issued on March 13, 2020, because his trial did not begin within seventy days of his initial appearance.  Defendant contends that because he is in pre-trial detention his trial should have been given priority.  *See* 18 U.S.C. §3164.  He alleges that 215 unexcluded days elapsed before the issuance of the first Standing Order.  Defendant argues that the ends-of-justice continuance Order finding the case complex does not exclude any time because a trial date was never set, as such there was no trial to continue.  Jimenez-Mendez further asserts that the Court's failure to set a trial date violates the Speedy Trial Act and makes the open-ended continuance in the Order unreasonable.

The Government responds that the Motion is baseless for several reasons.  ECF No. 215.  Initially, the Government disagrees with the mathematical calculation of excludable days.[14]  Regardless, it contends Jimenez-Mendez requested an open-ended continuance to allow his counsel to review discovery before filing pretrial motions, and agreed to the complex case designation and ends-of-justice continuance outside the limitations of the Speedy Trial Act.  The Government asserts that some of the Co-Defendants made similar requests and that no Defendant

---

[13]    Defendant does not claim that his constitutional rights were violated.

[14]    The Government alleges, *inter alia*, that because one Co-Defendant, Regalado-Rojas, is a fugitive and it "is and has been actively engaged in efforts to locate and arrest him since the initial indictment was returned in this case," not all Co-Defendants charged in this case have been arraigned.

notified the Court that their review of discovery was completed, nor filed pretrial motions to signify that the needed time was concluded.  The Government contends that such requests show the reasonableness of the open-ended continuance in the ends-of-justice, complex case Order. The Government argues that this Order appropriately found, after balancing the interests of the defendants and the public in a speedy trial, that the ends of justice were served by a continuance because of the complex-nature case and the time needed for the defendants to review the extensive discovery.  The Government argues that this time is therefore excluded under the Speedy Trial Act.  It further notes that an exclusion that applies to a Co-Defendant also applies to Jimenez-Mendez because they have been joined for trial and no motion to sever has been filed.

## III.    LEGAL STANDARDS

### A.    Time for Trial Under the Speedy Trial Act

The Speedy Trial Act, 18 U.S.C. §§ 3161-3174, generally requires a trial to begin within seventy days "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  The defendant's first appearance before a judicial officer for purposes of section 3161(c)(1) "must be an arraignment to trigger the 70-day period."  *United States v. Willaman*, 437 F.3d 354, 357 (3d Cir. 2006) (reasoning that § 3161(c)(1), "by its terms, is applicable only in a 'case in which a plea of not guilty is entered' and until the arraignment there could not have been a plea").

However, "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases. To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner v. United States*, 547 U.S. 489, 497 (2006).  Section 3161(h) provides, in

relevant part, that the following periods of delay shall be excluded in computing the time within

which the trial must commence:

> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
> . . .
>> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;[15]
> . . .
>> (G) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and
>> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.
> . . .
> (3)
>> (A) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.[16]
> . . .
> (6) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.
> . . .

18 U.S.C. § 3161(h).

Pursuant to § 3161(h)(6), until a severance is granted, an exclusion applicable to one

defendant applies to all codefendants. *United States v. Claxton*, 766 F.3d 280, 292 (3d Cir. 2014);

---

[15] The exclusion for motions under § 3161(h)(1)(D) is measured by "the time actually consumed by consideration of the pretrial motion." *United States v. Tinklenberg*, 563 U.S. 647, 656 (2011). "When a pretrial motion requires a hearing, § 3161(h)(1)(D) excludes the entire period between the filing of the motion and the conclusion of the hearing." *United States v. Rashid*, 593 F. App'x 132, 135 (3d Cir. 2014). If no hearing is required, the period of exclusion is generally limited to thirty days. *See id.* (citing § 3161(h)(1)(H)).

[16] A "defendant . . . shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence." 18 U.S.C. § 3161(h)(3)(B). A "a defendant . . . shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." *Id.*

*United States v. Novak*, 715 F.2d 810, 814 (3d Cir. 1983) (commenting about the Act's "strong

congressional preference for joint trials and an intention that delays resulting from the joinder of

codefendants be liberally excluded").  Thus, all "defendants who are joined for trial generally fall

within the speedy trial computation of the latest codefendant."  *Henderson v. United States*, 476

U.S. 321, 323 n.2 (1986).

> Also excluded from the 70-day clock is:

> Any period of delay resulting from a continuance granted by any judge on his own
> motion or at the request of the defendant or his counsel or at the request of the
> attorney for the Government, if the judge granted such continuance on the basis of
> his findings that the ends of justice served by taking such action outweigh the best
> interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).  For time to be excludable under this section, the court must set forth,

"in the record of the case, either orally or in writing, its reasons for finding that the ends of justice

served by the granting of such continuance outweigh the best interests of the public and the

defendant in a speedy trial."  *Id.*   It is not necessary, however, for the court to articulate facts

which are obvious and are set forth in the motion for the continuance.  *See United States v.*

*Lattany*, 982 F.2d 866, 879 (3d Cir. 1992).  In determining whether to grant such a continuance,

the court must consider:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely
> to make a continuation of such proceeding impossible, or result in a miscarriage of
> justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants,
> the nature of the prosecution, or the existence of novel questions of fact or law, that
> it is unreasonable to expect adequate preparation for pretrial proceedings or for the
> trial itself within the time limits established by this section.
> . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a
> whole, is not so unusual or so complex as to fall within clause (ii), would deny the
> defendant reasonable time to obtain counsel, would unreasonably deny the
> defendant or the Government continuity of counsel, or would deny counsel for the

defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

In addition to § 3161, which applies to all defendants, 18 U.S.C. § 3164 provides that the trial of a detained defendant shall be accorded priority.  Pursuant to § 3164(b), the trial of such a defendant shall commence not later than 90 days following the beginning of such continuous detention.  However, subsection (b) provides that the "periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section."

### B.      Open-Ended Continuances

Open-ended continuances do not necessarily violate the Speedy Trial Act.  *See Lattany*, 982 F.2d at 881.  Such continuances may not, however, be unreasonably long.  *See id.* at 882.  In making this determination, the court may consider, *inter alia*, the defendant's responsibility in the delay.  *See id.* ("[T]he district court did not abuse its discretion by placing the burden on the defendant and his attorney to notify the court when they were ready to proceed with the trial."). "An additional important consideration in assessing whether the length of an open-ended continuance is reasonable is whether a district court 'is attempting to accommodate the defense as well as the government.'"  *United States v. Woewiyu*, No. 14-50, 2018 U.S. Dist. LEXIS 84571, at *18-19 (E.D. Pa. May 21, 2018) (quoting *United States v. Groff*, No. 05-1634, 2006 U.S. App. LEXIS 9489, at *9 (3d Cir. Apr. 13, 2006)).

Moreover, "Defendants cannot be wholly free to abuse the system by requesting (h)(8) continuances and then argue that their convictions should be vacated because the continuances they acquiesced in were granted."  *Lattany*, 982 F.2d at 883.  A defendant's request for or acquiescence to a continuance, as well as a defendant's prolonged delay in raising a speedy trial

violation may indicate a defendant's agreement with the continuance.  *See Woewiyu*, 2018 U.S. Dist. LEXIS 84571, at *19.

### C.  Standard of Review- Motion to Dismiss for Speedy Trial Violation

If a defendant is not brought to trial within the time limit required by § 3161(c), as extended by any exclusions under § 3161(h), "the information or indictment shall[17] be dismissed on motion of the defendant."  18 U.S.C. § 3162.  The defendant has the burden of proof to support the motion.  *See* 18 U.S.C. § 3162(a); *Claxton*, 766 F.3d at 292 (explaining that while the defendant has the burden to support his motion, the Government has the burden of presenting evidence in connection with any exclusion of time under § 3161(h)(3)).

## IV.  ANALYSIS

Contrary to the suggestion of Jimenez-Mendez, his arraignment on March 29, 2019, not his initial appearance three days earlier, is the operative start date under the Speedy Trial Act.[18] *See Willaman*, 437 F.3d at 357.  However, even though Jimenez-Mendez was arraigned in March 2019, the same is not true for all Co-Defendants who have been joined for trial.  *See* 18 U.S.C. § 3161(h)(6) (excluding a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"); *Henderson*, 476 U.S. at 323 n.2 (holding that all "defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant").

---

[17]  If the defendant's motion is granted, dismissal may be with or without prejudice.  *See* 18 U.S.C. § 3162(a)(2) ("In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter [18 USCS §§ 3161 et seq.] and on the administration of justice.").

[18]  Because Jimenez-Mendez only challenges the delay prior to the issuance of the Standing Orders, this Court only considers the time up to March 13, 2020.

It was not until June 18, 2019, that all charged Co-Defendants other than Regalado-Rojas, who remains a fugitive,[19] had been arraigned.  Considering that there were thirteen Defendants, the whereabouts of three of whom were still unknown in mid-April, 2019, the delay until June 2019 is reasonable.  Accordingly, all time between Defendant's arraignment and June 18, 2019, is excluded under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(6); *Henderson*, 476 U.S. at 323 n.2 (calculating the seventy-day trial period for the other co-defendants with respect to the last co-defendant arraigned).  Jimenez-Mendez was not tried within seventy days of June 18, 2019, because by the time all Co-Defendants were arraigned, the Court had issued an ends-of-justice continuance declaring the case complex and continuing the case beyond the time limits established by the Speedy Trial Act.

---

[19]      The Government's Response to the instant motion asserts that Regalado-Rojas remains a fugitive and that the Government "is and has been actively engaged in efforts to locate and arrest him since the initial indictment was returned in this case."  Resp. 4 n.2.  The Superseding Indictment, which changed the name of Regalado-Rojas, supports the veracity of this statement. *See* footnote 1, *supra*.  At no time has Jimenez-Mendez or any other Co-Defendant questioned the Government's efforts to locate Regalado-Rojas or challenged his fugitive status.  The entire period of delay resulting from his absence is therefore excluded as to Regalado-Rojas.  *See* 18 U.S.C. § 3161(h)(3).  Because neither Jimenez-Mendez, nor any other Co-Defendant, has filed a motion to sever, the delay, if reasonable, is also excluded under the Speedy Trial Act for Jimenez-Mendez.  *See* 18 U.S.C. §§ 3161(h)(3) and (6); *Novak*, 715 F.2d at 814-15 (holding that after defendants are joined for trial, an exclusion applicable to one defendant applies to all codefendants).  Less than a year elapsed between the date Jimenez-Mendez was arraigned and the issuance of the first Standing Order.  As noted elsewhere in this Opinion, this case involves multiple defendants and counts, which arose from a lengthy criminal investigation, and includes a voluminous amount of discovery.  For all these reasons, the Court finds that a one-year period of delay based on the unavailability of Regalado-Rojas is reasonable.  *See United States v. Felton*, 612 F. Supp. 599, 602-03 (W.D. Pa. 1985) (concluding that the one-year delay while a co-defendant was a fugitive and then unavailable for trial for thirty days after his arraignment, as well as the additional one-year delay relating to motions and appeals, was excluded under the Speedy Trial Act as to all defendants in the case), *rev'd in part on other grounds*, 753 F.2d 256 and 753 F.2d 276 (3d Cir. 1985). *See also* 18 U.S.C. § 3161(c)(2) ("Unless the defendant consents in writing to the contrary, the trial may not begin less than 30 days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.").  All time is therefore excludable under from the Speedy Trial Act as to Jimenez-Mendez.  Nevertheless, this Opinion addresses whether there is any other basis for excluding time.

Jimenez-Mendez argues that "[u]nder Third Circuit Precedential law, *United States v. Reese*, 917 F.3d 177, 179 (3d Cir. 2019), until Abdiel Jimenez-Mendez receives a trial date, the entire amount of days prior to the pandemic order would not be excludable." *See* Mot. 8, n.4. This is an incorrect reading of the case. In fact, the court stated that it was "*not dealing with an open-ended continuance here*." *Id.* at 182 n.5 (emphasis added). Rather, the court outlined the requirements of an ends-of-justice continuance order and held that when the continuance order does not state the factual basis for excluding time under the Act or use language that invokes it (the latter of which allows a later factual explanation), "the delay caused by the continuance is not excluded and the district court cannot exclude the time in hindsight." *Id.* at 184.

The ends-of-justice continuance Order here, *see* ECF No. 62, does not suffer from the same deficiencies as seen in *Reese*, as it included the factual basis[20] for the continuance, cited the language ("unusual" and "complex" "18 U.S.C. §§ 3161(h)(7)(A) and (B)(ii)") being invoked, and balanced the "best interests of the public and the defendants in a speedy trial." Although the Order did not set a trial date, it explained that the case "will be specially listed for trial, after consultation with all counsel, on a date consistent with the above findings." This is the language in the proposed order submitted with the Government's motion, which was unopposed by Jimenez-Mendez. The challenge to this Order in the instant Motion to Dismiss is therefore inconsistent with Jimenez-Mendez's prior position and he is estopped from raising such challenge. *See Zedner*, 547 U.S. at 503-06 (holding that while a defendant may not

---

[20]    The Order stated there are "thirteen defendants," "12 substantive counts," "nine of the defendants face a mandatory minimum of ten years' imprisonment," there was a "10-month investigation," "thousands of man hours of surveillance," "evidence from arrest and searches," "approximately 4,000 hours of intercepted calls," and "voluminous" discovery. *See* ECF No. 62.

prospectively waive the application of the Speedy Trial Act, the defendant may be estopped from raising a challenge that is "clearly inconsistent" with an earlier position).

Furthermore, the ends-of-justice continuance Order was issued the same day as the Order granting Jimenez-Mendez's motion[21] for an unspecified length of an extension of time to file pre-trial motions.  *See* ECF No. 61.  "[D]efendants cannot be allowed to request continuances and then claim a speedy trial violation after such continuances are granted."  *United States v. Rashid*, 593 F. App'x 132, 136 n.14 (3d Cir. 2014). *See also Lattany*, 982 F.2d at 883 ("Defendants cannot be wholly free to abuse the system by requesting . . . continuances and then argue that [their cases should be dismissed] because the continuances they acquiesced in were granted."). Further, this Court had no reason to suspect that Jimenez-Mendez opposed the ends-of-justice continuance and failure to schedule a trial date because neither he, nor any Co-Defendant, filed an objection to either Order, requested a trial date, or moved to sever.  *See Woewiyu*, 2018 U.S. Dist. LEXIS 84571, at *23-24 (concluding that defense counsel's failure to request a trial date or opposed the open-ended, ends-of-justice continuance was evidence the defendant wanted the continuance).  In fact, when the Government filed a Motion to Renew Order for Complex Case Designation and Special Listing on April 3, 2020, *see* ECF No. 170, Jimenez-Mendez did not oppose that motion either or object to the Court's second ends-of-justice continuance order.[22]

---

[21]     The extension was sought because counsel "needs additional time to prepare and review the indictment and other documents obtained in this matter" and "is unable to complete pretrial motions without complete discovery in this complex matter."   ECF No. Counsel stated he "has been in contact with his client, Abdiel Jimenez-Mendez, who has no objection to this extension."

[22]     The Court recognizes that the renewed Motion was filed after the period of delay currently being challenged, but Jimenez-Mendez's failure to oppose the Motion is evidence that he agreed to the open-ended continuance and also that his case is so unusual and complex that adequate preparation cannot be completed within the confines of a 70-day speedy trial clock.

The fact that Jimenez-Mendez now has different counsel does not change this determination because an "attorney's requests for and agreement to continuances exclude them from the days counted towards the Speedy Trial Act clock." *United States v. Green*, 516 F. App'x 113, 122 (3d Cir. 2013). Also, Jimenez-Mendez's motion for an unspecified extension of time to file pretrial motions indicated that counsel "has been in contact with his client, Abdiel Jimenez-Mendez, who has no objection to this extension." *See* ECF No. 59. Notably too, it was not until six weeks after new counsel entered an appearance and only after this Court indicated its intent to set a trial date that the instant Motion was filed. *See Woewiyu*, 2018 U.S. Dist. LEXIS 84571, at *19 (determining that a defendant's prolonged[23] delay in raising a speedy trial violation may indicate a defendant's agreement with the continuance).

After changing counsel and filing the instant Motion to Dismiss, Jimenez-Mendez filed a joint motion for proposed scheduling order that recommended a trial date nine months out: September 13, 2021. That Motion states: "All parties further agree, pursuant to the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by continuing the trial, as proposed in the attached order, outweigh the best interest of the public and each defendant in a speedy trial." Scheduling Mot. 2. Arguments in the instant Motion that only a 70-day speedy trial clock applies to this case is clearly inconsistent with this position, which was also presented in each of the prior motions for complex case designation. *See Zedner*, 547 U.S. at 503-06 (holding that while a defendant may not prospectively waive the application of the Speedy Trial Act, the defendant may be estopped from raising a challenge that is "clearly inconsistent" with an earlier position).

---

[23]   The instant Motion to Dismiss was filed more than twenty months after Jimenez-Mendez was arraigned.

For all these reasons, Jimenez-Mendez is estopped from challenging the Court's failure to set a trial date on the ends-of-justice continuance Order.

Regardless, the open-ended continuance in the ends-of-justice Order did not violate the Speedy Trial Act because it was not unreasonably long. *See Lattany*, 982 F.2d at 881-82.  In reaching this conclusion, the Court has considered that Jimenez-Mendez bears some responsibility in the delay for at least five reasons.  First, the same day the open-ended continuance was granted, Jimenez-Mendez filed a motion for an extension of time to file pretrial motions to an unspecified date.  Second, Jimenez-Mendez did not oppose the motion asking that the case be declared complex and unable to be tried within the time restrictions in the Speedy Trial Act.  Third, he did not object to either Order granting these motions or to the fact that a trial date was not set in the ends-of-justice continuance Order.  Fourth, although twelve Defendants had been arraigned by June 18, 2019, Co-Defendant Regalado-Rojas had not yet been arraigned.  Jimenez-Mendez, knowing that the Court intended to set a trial date after all defendants were arraigned,[24] never sought to sever his case.  Fifth, Jimenez-Mendez never notified the Court that this complex case was ready to proceed to trial.

Another reason the open-ended continuance was not unreasonably long is because the Court was attempting to accommodate all parties, not just the Government.  As mentioned, the continuance was issued the same day counsel for Jimenez-Mendez stated that he needed

---

[24]   The Order granting the extension request of Jimenez-Mendez states that the continuance was "until all Defendants have been arraigned, after which time the Court will consult with counsel and issue a scheduling order setting, *inter alia,* pretrial motions deadlines and a specially listed trial."  The Order further explained that it was being issued after consideration of the ends-of-justice continuance Order.

additional time to prepare and file pretrial motions.  *See* ECF No. 59.[25]  Amalbert, Whitmore, and

A. Fernandez also filed requests for additional time to file pretrial motions.  Further, at the time

the open-ended continuance was granted only seven of the thirteen charged Defendants had been

arraigned.  The Court indicated in the ends-of-justice continuance Order that it would set a trial

date after all Defendants were arraigned and it could consult with all counsel, which was to the

benefit of the un-arraigned Defendants.  The Order noted the seriousness of the charges and that

the Defendants face mandatory-minimum sentences if convicted.

Finally, the continuance was not unreasonably long in light of the complex nature of the

case.  As previously explained, there are more than a dozen defendants, who face serious charges

that carry mandatory minimum sentences if convicted, numerous counts arising from a ten-month

long investigation, and extensive discovery, including approximately 4,000 hours of intercepted

calls.  Due to the unusual and complex nature of the case, the Court determined, without

opposition from Jimenez-Mendez, that the case could not be tried within the time restrictions of

the Speedy Trial Act.  Accordingly, when the open-ended continuance was granted the Court

knew the standard 70-day clock did not apply.  Further, at the time the continuance was granted

not all Defendants had been arraigned.  Section 3161(c)(2) prohibits, absent a defendant's written

consent to the contrary, the commencement of trial less than thirty days from a defendant's initial

appearance.  The Court was therefore unable to determine for when a trial date could be

scheduled.  From the date the last non-fugitive Co-Defendant was arraigned and the first Standing

Order was issued, an aggregate total of 268 days elapsed,[26] with a total of 169 otherwise non-

---

[25]     The extension was sought because counsel "needs additional time to prepare and review
the indictment and other documents obtained in this matter" and "is unable to complete pretrial
motions without complete discovery in this complex matter."   ECF No. 59.
[26]     A total of 350 calendar days elapsed between the arraignment of Jimenez-Mendez and the
issuance of the first Standing Order.

excludable days.[27]  The Third Circuit Court of Appeals has repeatedly determined that this length

of delay is not unreasonable.  *See United States v. Hatchett*, 629 F. App'x 229, 231 (3d Cir. 2015)

(finding that the open-ended continuance of between 207 and 259 days, which the court granted

after finding that the ends of justice are best served by granting a continuance, was reasonable and

did not violate the Speedy Trial Act); *Groff*, 2006 U.S. App. LEXIS 9489, at *9 (concluding that

the district court did not abuse its discretion in granting an open-ended continuance that delayed

the trial from its original date of September 25, 2000, until May 6, 2002, with subsequent

continuances delaying the actual trial date until January 5, 2004).

For all these reasons, the ends-of-justice continuance was not unreasonably long and all

time since April 17, 2019, is excluded pursuant to § 3161(h)(7) of the Speedy Trial Act.  *See* 18

U.S.C. §§ 3161(h)(7)(A), (B)(ii); *United States v. Adusei*, No. 08-168, 2009 U.S. Dist. LEXIS

59803, at *13-14 (W.D. Pa. July 14, 2009) (explaining that a judge may exclude time by issuing

an ends-of-justice continuance).  Because the ends-of-justice continuance applies to all

Defendants, this time is also excluded for Jimenez-Mendez under § 3161(h)(6).  Because not all

Co-Defendants had been arraigned when the Order was issued, all time prior to the Order is also

---

[27]     From June 19, 2019, until August 28, 2019; from August 30, 2019, until October 25,
2019; from October 29, 2019, until December 9, 2019; and from December 23, 2019, until
January 2, 2020.
     Although Jimenez-Mendez asserts that 215 non-excludable days elapsed, a number of
excluded days were not included in his calculation.  *See* Mot. 7.  For example, the time starting
January 8, 2020, when Amalbert, Whitmore, Lopez-Garcia, and Adames-Bruno notified this
Court of their intentions to plead guilty until the change of plea hearings were completed is
excluded under §§ 3161(h)(1)(D) and (6).  *See United States v. Mensah-Yawson*, 489 F. App'x
606, 608-10 (3d Cir. 2012) (holding that a defendant's change of plea tolls the speedy trial clock
for the time between when the defendant announces his/her intention to plead guilty and the
actual guilty plea).  By the time the hearings were completed on February 12, 2020, Jimenez-
Mendez correctly notes that other events, such as a motion filed on January 29, 2020, excluded all
remaining time until March 13, 2020, when the first Standing Order was issued.  *See* 18 U.S.C. §
3161(c)(2).  Regardless, for the reasons discussed herein, this Court finds that even a delay of 215
non-excludable days is reasonable.

excluded.  *See* 18 U.S.C. § 3161(h)(6); *Henderson*, 476 U.S. at 323 n.2 (calculating the seventy-day trial period for the other co-defendants with respect to the last co-defendant arraigned).  Accordingly, the entire period of time being challenged, from March 29, 2019, until March 13, 2020, is excluded under the Speedy Trial Act.[28]

For all these reasons, the rights of Jimenez-Mendez under the Speedy Trial Act have not been violated.  The Motion to Dismiss is denied.

## V.   CONCLUSION

Not all Co-Defendants joined for trial in this action had been arraigned by March 29, 2019, when Jimenez-Mendez was arraigned.  By the time all non-fugitive Co-Defendants were arraigned three months later, an ends-of-justice continuance had been granted.  Although the continuance Order did not set a trial date, the delay resulting therefrom was not unreasonably long.  This Order therefore acted to exclude all remaining time in the period being challenged.  There has been no violation of Defendant's rights under the Speedy Trial Act.  The Motion to Dismiss is denied.

A separate Order follows.

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge

---

[28]   Jimenez-Mendez's reference to 18 U.S.C. § 3164 does not change this conclusion. Although the Speedy Trial Act states that priority be given to a case in which a defendant is detained, "complex cases are occasionally not brought to trial until substantially after the 90-day time period set forth in the Speedy Trial Act."  *See United States v. Accetturo*, 783 F.2d 382, 387 (3d Cir. 1986).  Delays are also common in multi-count, multi-defendant cases, such as this one. *See id.*